OPINION
Defendant-appellant, Gary Gilbert, appeals a decision of the Butler County Court of Common Pleas adjudicating him a sexual predator. We affirm.
On November 2, 1995, appellant pled guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). On May 28, 1998, the trial court conducted a classification hearing, pursuant to R.C. 2950.09(C)(2), to determine whether appellant is a sexual predator. At the hearing, the prosecutor submitted a presentence report and a forensic report. Appellant presented the testimony of the clinical psychologist who prepared the forensic report. After reviewing the evidence and testimony, the trial court determined that appellant is a sexual predator.
On appeal, appellant argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In determining whether an offender is a sexual predator, a trial court must consider "all relevant factors," including, but not limited to, the specific factors set forth in R.C. 2950.09(B)(2). Based upon the evidence presented at a classification hearing, a trial court "shall determine by clear and convicting evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121.
In the present case, appellant pled guilty to two counts of gross sexual imposition which is a "sexually-oriented offense" as defined in R.C. 2950.01(D)(1). In addition, the trial court's determination that appellant is likely to engage in future sexually-oriented offenses is supported by several factors including appellant's age, R.C. 2950.09(B)(2)(a), the age of the victims, R.C. 2950.09(B)(2)(c), the multiple victims of the gross sexual imposition, R.C. 2950.09(B)(2)(d), and a demonstrated pattern of abuse, R.C. 2950.09(B)(2)(h). The evidence presented at the classification hearing reveals that appellant is fifty-four years old and the victims of the gross sexual imposition were appellant's grandchildren who were age eight and five at the time of the offenses. The evidence also indicated that appellant had sexually abused a "neighbor girl" approximately twenty years before committing the offenses against his grandchildren. Appellant was never arrested for this sexual abuse but did seek counselling and was diagnosed as a "latent pedophile." The evidence also indicated that appellant had sexually abused his daughter when she was eleven years old.
Appellant argues that the trial court erred by relying upon the foregoing evidence because it was hearsay contained in the forensic report and presentence report. However, the Ohio Rules of Evidence do not strictly apply at the classification hearing and reliable hearsay may be admitted by the trial court. State v. Cook (1998), 83 Ohio St.3d 404, 425; State v. Warner (Apr. 20, 1998), Butler App. No. CA97-03-064, unreported. Appellant stipulated to the admission of the presentence and forensic reports and did not object or challenge the reliability of the information contained therein. Therefore, the trial court did not err by relying upon the information contained in the presentence and forensic reports. See Cook at 426.
Based upon the foregoing, we conclude that the trial court's determination that appellant is a sexual predator is not against the manifest weight of the evidence. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.